UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE SWEARINGEN, | ) |
| Plaintiffs, | ) |
| v. | )  No.: 20-cv-1422-JBM |
| TAZEWELL COUNTY JUSTICE CENTER, et al., | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983, alleging various constitutional violations which occurred during his transportation from the Tazewell County Justice Center ("Jail"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiffs' favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## ANALYSIS

Plaintiff is a pretrial detainee whose § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment. Under the Fourteenth Amendment standard, a detainee must make an objective showing that the challenged conditions were sufficiently serious and that Defendants "knew, or should have known, that the condition posed an excessive risk to health or

1

safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482, at *12 (7th Cir. 2018).

The Court notes that Plaintiff indicates that he did not have an opportunity to grieve the events at the Jail as they occurred during his transfer from the jail to prison. As a result, it is not clear that Plaintiff had an opportunity to avail himself of the grievance procedures at the jail. *See King v. McCarty*, 781 F.3d 889, 895 (7th Cir. 2015), *rev'd on other grounds by Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020). "Even if King had been able to write on the same day he was transferred, it is not plausible that he could have asked for the form, received a response, and mailed back the completed paperwork before the [jail imposed] five-day deadline had passed." As a result, the issue will wait for a more fully developed record.

The Court notes that in his complaint, Plaintiff provides personal information including his social security number. The Clerk is directed to strike out the social security number found at [ECF 1 at 6].

## MATERIAL FACTS

On September 25, 2020, Plaintiff was transported from the Jail to NRC Stateville with another detainee, Wendall Simizer. Plaintiff claims that Defendant Jail Commander Harper shackled Plaintiff's arms intertwined with that of Mr. Simizer. Plaintiff asserts that this placed him at risk, and he could have suffered injury if Mr. Simizer had had a seizure, become ill and expelled body fluids bodily fluids, or if he had acted violently toward Plaintiff. Plaintiff does not claim, however, that any of these potentialities occurred.

Plaintiff also alleges that Defendant Harper transported the two detainees in cloth garments which were "paper thin" and tore, exposing the detainees' "privates." Plaintiff offers no additional information as to the size of the tears, how they occurred, how both individuals came to have torn garments, the extent of the exposed bodily surfaces or whether the exposed surfaces were seen by others. Plaintiff also does not indicate whether Defendant Harper was aware of the friable condition of the garments or aware that such exposure was likely to occur.

Plaintiff claims that during the transport, Defendant Officer Marretto slammed on the brakes, causing Plaintiff to strike the metal casing of the vehicle, causing him headaches. Plaintiff does not claim that this action was purposeful or indicate a reason for Defendant Marretto's sudden application of the brakes. Plaintiff also claims that he was transported without his legal papers, Bible and parole report needed for an October 14, 2020 parole hearing. Plaintiff does not indicate whether, between the time of the September 25, 2020 transfer and October 14, 2020 parole board hearing, he was able to access his papers or, if not, whether it caused him detriment. Plaintiff does not state the relief he seeks, nor request trial by jury.

## ANALYSIS

While Plaintiff would assert a claim against Defendant Harper for shackling him to another during transport, it has been found that shackling a detainee during transport does not amount to punishment and does not violate the Constitution. *Taylor v. Widup*, No. 07-301, 2007 WL 3256598, at *5 (N.D. Ind. Nov. 2, 2007). While Plaintiff complains was placed at risk as a result of the skin-to-skin contact with another, suffering exposure to a risk of harm, without more, is not compensable. *Henderson v. Sheahan*, 196 F.3d 839, 848-49 (7th Cir. 1999) citing *Babcock* v. White, 102 F.3d 267, 272–73 (7th Cir. 1996) ("suggesting that while a plaintiff may recover monetary damages under the Eighth Amendment for 'failure to prevent harm,' the

plaintiff is not entitled to monetary compensation for the mere 'failure to prevent exposure to [a] risk of harm.'" This claim is DISMISSED.

Plaintiff also complains of the paper-thin garments which tore, exposing both his and Mr. Simizer's privates. He does not, however, provide enough detail to state a colorable claim. As noted, is unclear as to the size of the rends in the garments, how they occurred, what portion of Plaintiff's body was exposed, the portion of Mr. Simizer's body which was exposed to Plaintiff, and whether Plaintiff's exposed body was seen by others. In addition, Plaintiff offers nothing to support that Defendant Harper reasonably should have known that both detainees' garments would tear, exposing them. This claim is dismissed for the paucity of detail, but Plaintiff will be given leave to amend.

Plaintiff also claims that he was injured when Defendant Marretto slammed on the brakes. He does not claim that this was purposeful so as to amount to excessive force. He pleads nothing to support that Defendant was deliberately indifferent, placing him at risk of serious bodily injury. It might well be that Defendant's actions in abruptly braking were done to prevent a collision, thus sparing Plaintiff injury. This claim is dismissed with prejudice.

As noted, Plaintiff complains that he was not transported with his Bible or legal papers, including a parole report needed for a hearing. Plaintiff does not allege how long he went without these items, whether he had the parole report available at the parole hearing and, if not, whether it adversely affected the outcome. To sufficiently plead such a claim, Plaintiff must allege "…some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation." *Shango v. Jurich,* 965 F.2d 289, 291 (7th Cir.1992); *Jenkins v. Lane,* 977 F.2d 266, 268 (7th Cir.1992). Plaintiff will be given an opportunity to replead this claim with more detail.

Plaintiff also names the Jail which is not amenable to suit under § 1983. Section 1983 applies only to a "person" who acts under color of state law." *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001). *See Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014), "The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983." *Wright v. Porter County,* 2013 WL 1176199, * 2 (N.D.Ind. Mar. 19, 2013)("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) As a result, the Jail is dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days from the entry of this order in which to replead the identified claim. The Clerk is to provide Plaintiff a form complaint which he may use to replead his claims, identifying the relief he requests and whether he requests a jury trial of the matter. If Plaintiff repleads, the filing is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. The Tazewell County Justice Center is DISMISSED with prejudice.

2. The Clerk is directed to obfuscate the social security number found at [ECF 1 at 6].

3. Plaintiff files [7], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [7] is DENIED at this time. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel.

4.	Plaintiff files [8], a letter to the Court in which he explains his complaint and includes a prayer for relief. [8] is rendered MOOT as an impermissible attempt to piecemeal the complaint. Plaintiff has been given leave to amend and is to include his request for relief in the amended complaint. Plaintiff is further advised that in the future, if he seeks relief of this Court, he is to file it in the form of a motion, not a letter.


ENTERED:	 3/9/2021  


            s/Joe Billy McDade  
          JOE BILLY McDADE  
        UNITED STATES DISTRICT JUDGE